JAHNA LINDEMUTH
ATTORNEY GENERAL
Matthias Cicotte (Alaska Bar No. 0811065)
Assistant Attorney General
State of Alaska, Department of Law
1031 W. 4th Ave., Suite 200
Anchorage, AK 99501
Telephone: (907) 269-5190
Facsimile: (907) 258-0760
Email: matthias.cicotte@alaska.gov

Attorney for Department of Corrections

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANAS A. DOWL, inmate #345639, and ERNEST A. JACOBSSON, inmate #403566,<br><br>       Plaintiffs,<br><br>v.<br><br>DEAN WILLIAMS, Commissioner, Alaska Department of Corrections, et al.,<br><br>       Defendants. | Case No. 3:18-cv-00119-HRH |

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

Defendants Williams, Sullivan, Wilkerson, Wood, Aicher, Nighswonger, Mata, Silliman, Helms, and Luper, by and through Assistant Attorney General Matthias Cicotte, hereby answer Plaintiffs Anas Dowl and Ernest Jacobsson's amended complaint at Docket 35 as follows:

    1.    Admit.

    2.    Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7. This paragraph states a legal argument not requiring an answer. Defendants nonetheless deny that plaintiffs are entitled to any declaratory or injunctive relief.

8. Admit.

9. Admit that Dowl was at all relevant times an individual male inmate at ACC. Admit that Dowl identifies himself as a Muslim. To the extent that this paragraph states an allegation as to the sincerity of Dowl's religious beliefs, defendants are without sufficient information to admit or deny the allegation.

10. Admit that Jacobsson was at all relevant times an individual male inmate at ACC. Admit that Jacobsson identifies himself as a Muslim. To the extent that this paragraph states an allegation as to the sincerity of Jacobsson's religious beliefs, defendants are without sufficient information to admit or deny the allegation.

11. Admit that Williams possesses ultimate decision-making authority within DOC, with authority to approve all DOC policies. To the extent that this paragraph alleges that all "dietary and religious accommodation policies for the Anchorage Correctional Complex" require Williams' approval, the allegation is denied. Admit that Williams has authority to order changes to said policies.

12. Admit that Sullivan is the Deputy Commissioner of Institutions. Deny that Sullivan has "authority to approve all Department of Corrections policies." To the extent that this paragraph alleges that all "dietary and religious accommodation policies for the Anchorage Correctional Complex" require Sullivan's approval, the allegation is denied. Admit that Sullivan has authority to order changes to said policies.

13. Deny that Helms is presently employed by DOC in any capacity. Admit that Helms previously had authority over the processing of plaintiffs' grievances. Deny that Helms engaged in discriminatory behavior against plaintiffs.

14. Admit that Luper is employed at ACC. However, she is a CO IV, not a CO III. Admit that she, along with others, possessed supervisory authority over plaintiffs' confinement at ACC. Deny that Luper engaged in discriminatory behavior against plaintiffs.

15. Admit that Wilkerson is DOC's Director of Administrative Services. Deny all other allegations in this paragraph.

16. Admit that Wood is DOC's Deputy Director of Institutions. Deny that Sullivan has "authority to approve all Department of Corrections policies." To the extent that this paragraph alleges that "all policies, including food menus, concerning Alaska Department of Corrections facilities, including Anchorage Correctional Complex" require Wood's approval, the allegation is denied. Admit that Wood has authority to order changes to said policies. Deny that Wood engaged in discriminatory behavior towards plaintiffs.

17. Admit that Aicher is a Facilities Manager I for DOC. Deny all other allegations in this paragraph.

18. Admit that Nighswonger is the superintendent of ACC. Admit that he possesses approval authority over all facility-specific policies, but deny that he has approval authority over any department-wide policies that apply to ACC. Deny that Nighswonger engaged in discriminatory behavior towards plaintiffs.

19. Admit that Mata is the Food Service Supervisor at ACC. Admit that Mata makes decisions and possesses some authority to approve policies regarding food service at ACC. Deny that Mata engaged in discriminatory behavior against plaintiffs.

20. Admit that Silliman is the Chaplain at ACC. Admit that Silliman possesses some authority to approve policies regarding religious services and accommodations at ACC. Deny that Silliman engaged in discriminatory behavior against plaintiffs.

21. Admit that plaintiffs assert said claims, deny that they entitled to relief for said claims.

22. Admit.

23. Deny because the allegations in this paragraph are premised on an incorrect statement of fact. Plaintiffs were not deprived of a religious diet that satisfies nutritional and caloric requirements.

24. Defendants are without sufficient information to admit or deny the allegations in this paragraph, and therefore deny said allegations.

25. Deny.

26. Deny.

27. Defendants are without sufficient information to admit or deny the allegations in this paragraph, and therefore deny said allegations.

28. Deny.

29. Deny.

30. Defendants are without sufficient information to admit or deny the allegations in this paragraph, and therefore deny said allegations.

31. Admit.

32. Admit.

33. Defendants are without sufficient information to admit or deny the allegations in this paragraph, and therefore deny said allegations.

34. Deny based on the false implication of the word "shall" in this paragraph. The cited subsection of P&P 805.01 is a "Procedure" which is "General," and it states that prisoners "will receive" three meals a day, not "shall receive."

35. Admit.

36. Defendants are without sufficient information to admit or deny the allegations in this paragraph, and therefore deny said allegations.

37. Deny.

38. Admit that other DOC inmates receive this many calories on an average daily basis. With regard to the allegation that other DOC inmates receive that many

calories on "any given day," defendants are without sufficient information to admit or deny the allegation, and therefore deny said allegation.

39. Deny.

40. Deny.

41. Deny.

42. Admit.

43. Admit that plaintiffs, and all other inmates, are not permitted to hoard perishable food items in their cells. Deny that Muslim inmates are not permitted to eat any food other than their bagged meals during Ramadan. Muslim inmates are permitted to purchase additional food from commissary, as may any other inmate.

44. Deny. Like other inmates at ACC, Muslim inmates are able to supplement their DOC-provided diet with commissary food.

45. Deny.

46. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

47. Admit.

48. Admit.

49. Admit.

50. Admit.

51. Deny.

52. Deny, based on the false premise that Muslim inmates are forced to consume a significantly reduced number of calories.

53. Deny.

54. Deny.

55. Admit.

56. Deny.

57. Deny.

58. Deny.

59. Admit.

60. Deny.

61. Deny.

62. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

63. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

64. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

65. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

66. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

67. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

68. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

69. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

70. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

71. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

72. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

73. Deny that plaintiffs were not given bagged meals on May 19, 2018. Defendants are without sufficient information to form a belief as to the truth or falsity of the remaining allegations in this paragraph, and therefore deny said allegations.

74. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

75. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

76. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

77. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

78. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

79. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

80. Admit.

81. Deny.

82. Admit.

83. Deny.

84. Deny.

85. Admit.

86. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

87. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

88. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

89. Admit.

90. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

91. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

92. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

93. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

94. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

95. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

96. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

97. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

98. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

99. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

100. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

101. Deny.

102. Deny.

103. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny said allegations.

104. Deny.

105. Deny.

106. Defendants hereby incorporate by reference the responses to all foregoing paragraphs.

107. Admit.

108. This paragraph sets forth legal conclusions and questions of law to which no response is required.

109. Deny that plaintiffs did not receive a balanced nutritional diet during Ramadan. The average daily caloric intake in their diet, as calculated on a weekly basis, fell within the 2,600-2,800-calorie range stated in this paragraph. Admit that on some days of the week that the daily intake fell below 2600 calories, but never less than 1,936 calories.

110. Deny.

111. Deny.

112. Admit that Alaska DOC had physical custody of defendants, and a duty to provide adequate food. Deny that each and every one of the individual defendants had a duty to ensure that plaintiffs received adequate food.

113. Deny.

114. This paragraph sets forth legal conclusions and questions of law to which no response is required.

115. Deny.

116. Deny.

117. Deny.

118. Because the allegations in this paragraph are confusingly worded, vague and ambiguous, defendants are unable to form a belief as to the truth or falsity of the allegations, and therefore deny said allegations.

119. Deny.

120. Deny.

121. Deny.

122. Deny.

123. Deny.

124. Deny.

125. Deny.

126. Deny.

127. Deny.

128. Deny.

129. Deny.

130. Deny.

131. Admit.

132. Admit.

133. Deny.

134. Deny.

135. Deny.

136. Defendants hereby incorporate by reference the responses to all foregoing paragraphs.

137. Deny.

138. Deny.

139. Deny.

140. Deny.

141. Deny.

142. Admit.

143. Deny.

144. Deny.

145. Deny.

146. Deny.

147. Deny.

148. Deny.

149. Admit.

150. Admit.

151. Deny.

152. Deny.

153. Defendants hereby incorporate by reference the responses to all foregoing paragraphs.

154. Deny.

155. Deny.

156. Deny.

157. Deny.

158. Deny.

159. Deny.

160. Deny.

161. Admit.

162. Deny.

163. Admit.

164. Deny.

165. Admit.

166. Admit.

167. Deny.

168. Deny.

169. Defendants hereby incorporate by reference the responses to all foregoing paragraphs.

170. Deny.

171. Deny.

172. Deny.

173. Deny.

174. Deny.

175. Admit.

176. Deny.

177. Deny.

178. Admit.

179. The meaning of the phrase "such burdens" is ambiguous. Defendants are therefore unable to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies said allegations.

180. Deny.

181. Deny.

182. Deny.

183. Admit.

184. Admit.

185. Deny.

186. Deny.

187. Deny.

188. Defendants hereby incorporate by reference the responses to all foregoing paragraphs.

189. Deny.

190. Deny.

191. Deny.

192. Deny.

193. Deny.

194. Deny.

195. Admit.

196. Deny.

197. Deny.

198. Deny.

199. Deny.

200. Admit.

201. Deny.

202. Deny.

203. The meaning of the phrase "such a burden" is ambiguous. Defendants are therefore unable to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies said allegations.

204. Admit.

205. Admit.

206. Deny.

207. Deny.

*Dowl & Jacobsson v. Williams, et al.*                                       Case No. 3:18-cv-00119-HRH
Defendants' Answer to Amended Complaint                          Page 16 of 18

Defendants deny that plaintiffs are entitled to any of their requests for relief.

## AFFIRMATIVE DEFENSES

A. Plaintiffs have failed to state a claim upon which relief may be granted.

B. Defendants did not personally participate in the alleged constitutional violations.

C. Defendants have qualified immunity to suit.

D. Plaintiffs' claims for injunctive relief are moot.

E. Plaintiffs failed to exhaust their administrative remedies.

F. Plaintiffs' damages are *de minimis*.

G. All damages are due to plaintiffs' own conduct.

H. The relief sought by Plaintiffs is contrary to public policy.

I. Defendants reserve the right to amend this answer to state any additional affirmative defenses which arise during the course of this litigation.

WHEREFORE, Defendants ask that Plaintiffs take nothing by way of their complaint, and that Defendants be awarded their costs and attorney fees incurred in defending this action.

Dated: July 20, 2018.

        JAHNA LINDEMUTH
        ATTORNEY GENERAL

        By: /s/Matthias Cicotte
        Assistant Attorney General
        AK Bar No. 0811065
        State of Alaska, Department of Law
        1031 W. 4th Ave., Suite 200

Anchorage, AK 99501
Telephone: 269-5190
Facsimile: (907) 258-0760
Email: matthias.cicotte@alaska.gov
Attorney for Department of Corrections

Certificate of Service
I certify that on July 20, 2018 the foregoing was served electronically on:

Carolyn M. Homer
CAIR Legal Defense Fund
453 New Jersey Ave SE
Washington, DC 20003
202-516-4724
Fax: 202-379-3317
Email: cHomer@cair.com

Lena Fatina Masri
CAIR Legal Defense Fund
453 New Jersey Ave SE
Washington, DC 20003
202-742-6420
Fax: 202-379-3317
Email: lmasri@cair.com

Gadeir I. Abbas
CAIR Legal Defense Fund
453 New Jersey Ave SE
Washington, DC 20003
202-742-6420
Fax: 202-379-3317
Email: gabbas@cair.com

/s/Cassidy White
Cassidy White, Law Office Assistant II